UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THIEL C. FRIERSON,

        Plaintiff,

vs.                              Case No. 3:06-cv-620-J-32TEM

S. T. ROBINSON, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE[1]

Plaintiff, an inmate incarcerated at Union Correctional Institution (hereinafter UCI) who is proceeding pro se, initiated this case by filing a pleading entitled, "Motion or Plead in the Alternative to Compel Compliance with the Federal Court's Requirements" (Doc. #1) (hereinafter Motion). Plaintiff seeks an order requiring officials at UCI to notarize his pleadings he intends to file in federal court.

To the extent that Plaintiff is seeking a temporary restraining order and/or a preliminary injunction, it is clear that he is not entitled to such relief.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

>   (a) there is a substantial likelihood of success on the merits;
>   (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
>   (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
>   (d) the TRO or preliminary injunction would not be averse to the public interest.
>
>   See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001). Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

As an initial matter, it is clear that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Additionally, he has completely failed to meet his burden of establishing that there is a substantial likelihood of success on the merits,[2] that injunctive relief is necessary to prevent irreparable injury, that the threatened injury outweighs the harm that the requested injunctive relief would cause to the

---

[2] In fact, it is clear that officials at UCI are not required to notarize Plaintiff's legal documents. The Court notes that, if Plaintiff is unable to obtain the services of a notary, he may sign his civil rights complaints and affidavits of indigency under penalty of perjury as provided in 28 U.S.C. § 1746 without using a notary.

2

Defendants, and that the injunction would not be averse to the public interest.

To the extent that Plaintiff may also be attempting to initiate a prisoner civil rights action pursuant to 42 U.S.C. § 1983, this case will be dismissed due to the following deficiencies. On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e).

The Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must file an informal grievance. See Chapter 33-103.005 of the Florida Administrative Code (hereinafter F.A.C.). If the issue is not resolved, the inmate must then file a formal grievance at the institutional level. See Chapter 33-103.006, F.A.C. If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. See Chapter 33-103.007, F.A.C.

Here, Plaintiff has neither alleged nor shown that he completed the three-step grievance procedure with respect to his

claims before he initiated this action. Plaintiff's case should not have been filed without first exhausting his available administrative remedies.

Plaintiff also failed to use the appropriate civil rights complaint form to present his claims. As a result, he did not advise the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised his claims previously. In reviewing any previous filings, this Court must also consider the nature of Plaintiff's actions that were dismissed before, as well as after, the enactment of the PLRA. See 28 U.S.C. § 1915(g). Plaintiff also failed to provide the Court with copies of his Motion for service upon the Defendants.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice.

It is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice**.

2. The **Clerk of Court** shall send a civil rights complaint form and an affidavit of indigency form to Plaintiff. If Plaintiff elects to refile his claims in a separate action, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to resubmit his claims. In refiling, Plaintiff shall **either** file a fully completed affidavit of indigency (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

      3.   The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

      **DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2006.

                                                             TIMOTHY J. CORRIGAN
                                                             United States District Judge

ps 7/13
c:
Thiel C. Frierson